**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF STK LINE S.A., AS OWNER, AND EAGLE SHIP MANAGEMENT CO., LTD., AS OPERATOR AND MANAGER, OF THE M/V TSUNOMINE BULKER, HER ENGINES, MACHINERY, GEAR, TACKLE, APPAREL AND ALL OTHER APPURTENANCES, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO.**<br><br>**SECTION:**<br><br>**JUDGE:**<br><br>**MAGISTRATE JUDGE:** |

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of STK Line S.A., as owner, and Eagle Ship Management Co., Ltd., as operator and manager, of the M/V TSUNOMINE BULKER (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501, *et seq.*, respectfully represents:

1.

At all times pertinent to this cause, Petitioner STK Line S.A. ("Owner"), was a company organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States, and was the owner of the M/V TSUNOMINE BULKER (also referred to as the "Vessel").

2.

At all times pertinent to this cause, Petitioner Eagle Ship Management Co., Ltd. ("ESM"), was a corporation organized and existing under and by virtue of the laws of a foreign nation with its principal place of business outside the United States. At all times pertinent to this cause, ESM was the manager of the Vessel pursuant to an agreement with Owner. Under the agreement, ESM

was responsible for, among other things, manning and victualing the Vessel, procuring and providing deck, engine, and cabin stores, maintenance and repairs for hull and machinery, providing spare parts, maintenance and repairs for the Vessel, and serving as the Vessel's ISM Manager. At all times pertinent to this cause, ESM had substantial control of and exercised dominion over the Vessel.

3.

This Court has jurisdiction over this suit pursuant to 28 U.S.C. §1333 because this is a case brought under this Court's admiralty and maritime jurisdiction, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

4.

Venue is proper in this District pursuant to Supplemental Admiralty Rule F(9) because the M/V TSUNOMINE BULKER is within this District and because suit has been filed against the Owner, ESM, and the Vessel in this District.

5.

The M/V TSUNOMINE BULKER is an oceangoing bulk carrier of Panamanian flag and registry, bearing IMO No. 1014280 and Official No. 56837-25, built in 2025 by Hakodate Dock Co., Ltd. and classed by Nippon Kaiji Kyokai. The Vessel has a length overall of 182.94 meters, a molded breadth of 31.60 meters, a gross registered tonnage of 24,440, and is propelled by a single J-Eng Marine diesel engine.

6.

At all times material hereto, STK Line S.A. was the owner, and Eagle Ship Management Co., Ltd. was the operator and manager, of the Vessel. Prior to and at all times hereinafter described

Petitioners exercised due diligence to make and to maintain the Vessel in all respects in a seaworthy condition; and at all times hereinafter described, the Vessel was in fact tight, staunch, strong, fully and properly equipped, and manned, well and sufficiently fitted with suitable engines, machinery, gear, tackle, and apparel, and was in all respects seaworthy, fit, and proper for the service in which she was engaged.

7.

On October 14, 2026, the Vessel was laden with cargo of fertilizer and was proceeding upriver on the Lower Mississippi River under compulsory pilotage, bound for the ARTCO anchorage in the vicinity of Mile 121 to discharge her cargo. At all times during her transit the Vessel was under the conn and direction of a compulsory state-commissioned pilot, Michael Bordenave, who had boarded the Vessel and taken the conn earlier that evening.

8.

On October 14, 2026, at approximately 2135 local time, while proceeding under compulsory pilotage upbound in the Mississippi River in the vicinity of Mile 119 Above Head of Passes (AHP), the Vessel's navigation was crowded, and she allegedly allided with the derrick/crane barge GEMINI, the M/V UNION TAYLOR, and one or more adjacent barges (the "Casualty").

9.

This Complaint is filed within six months from the date Petitioners received first notice of a limitable claim.

10.

The Casualty, and any physical damage, injuries, contingent losses, and all other losses, damages, expenses, and costs resulting therefrom, were not caused or contributed to by any fault,

negligence, unseaworthiness, or lack of due care on the part of Petitioners, the Vessel, or any person for whom or which Petitioners were or might be responsible, and, even if any such fault, negligence, unseaworthiness, or lack of due care existed (which is denied), the same occurred without the privity or knowledge of Petitioners, and as such Petitioners are entitled to exoneration from and/or limitation of liability. Any loss, injury, or damage allegedly sustained by any person, firm, corporation, vessel, or legal entity arising out of the Casualty was due to and caused by the fault, neglect, lack of due diligence, or negligence, want of due care, acts, and or omissions of others for whom Petitioners are not responsible.

11.

The aforementioned incident was occasioned and occurred without Petitioners' privity or knowledge.

12.

As a result of the aforementioned incident, certain persons allege they sustained physical damages, economic, and/or other losses.

13.

On October 16, 2026, Delos Navigation Corp. filed a lawsuit against STK Line S.A., as owner, and Eagle Ship Management Co., Ltd. titled *Delos Navigation Corp. v. STK Line SA, in personam, Eagle Ship Management LLC, in personam, and the M/V TSUNOMINE BULKER, in rem*; No. 26-2397 (E.D. La. Oct. 16, 2026) (Papillion, J.).

14.

This Limitation Action is filed timely under Rule F(1) because it was filed within six months of the allision and within six months of Petitioners receiving written notice of a claim subject to limitation arising out of the above-described incident.

15.

Petitioners aver that the following persons and entities are the known potential claimants in this Limitation Action:

Delos Navigation Corp.
*Through its counsel:*
Michael Held
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

ADM and ARTCO
*Through their counsel:*
Simon, Peragine, Smith & Redfearn, LLP
Marcelle P. Mouledoux and Kevin M. Frey
1100 Poydras St., Suite 3000
New Orleans, LA 70163

16.

The subject voyage of the Vessel began in Jorf Lasfar, Morrocco on September 28, 2026. Her pending freight for the voyage is $215,475.00. (Exhibit "1").

17.

Petitioners have a reasonable basis upon which to believe that it is possible that the claims that will be asserted and prosecuted against them will be in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

18.

The value of Petitioners' interest in the Vessel at the termination of the voyage on which the Vessel was engaged at the time of the Casualty was approximately $33,400,000.00, based on the attached Declaration of Value (Exhibit "2"), and together with its pending freight and the

damage sustained by the Vessel, did not and does not now exceed the maximum sum of $33,615,475.00.

19.

Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation of Value in the sum of $33,615,475.00, together with interest at the rate of six percent (6%) per annum from the date of the *Ad Interim* Stipulation of Value (Exhibit "3"), said sum representing the total value of the Vessel, her appurtenances, and pending freight following the casualty, and Petitioners are also prepared, in respect to security and appraisal, to act in accordance with the provisions of Rule F(1) and (7), when and if the Court should so warrant. Petitioners claim entitlement to a credit for any sums previously paid or incurred with respect to this incident.

20.

Should it later appear that Petitioners are or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the general maritime law, and the rules and practices of this Honorable Court.

21.

Petitioners claim exoneration from liability for any and all injuries, losses, or damages arising from or relating to the Casualty and for any and all claims therefor. Petitioners allege that they have valid defenses thereto on the facts and the law. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability

provided for in 46 U.S.C. §30501, *et seq.*, including 46 U.S.C. §§ 30523 and 30529, and the various statutes supplemental thereto and amendatory thereof, and to that Petitioners deposit security for the benefit of potential claimants with this Honorable Court.

22.

Petitioners further specifically aver that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on their own behalf, but also on behalf of their liability underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as Petitioners, and whose liability in the premises, if any, shall accordingly not exceed Petitioners' liability, if any.

23.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners pray that:

1. This Court issue an Order approving the *Ad Interim* Stipulation of Value submitted to the Court by Petitioners as security for the amount or value of their interest in the Vessel and her pending freight for the voyage in question, and if the Vessel has been arrested or attached, issue an Order releasing the Vessel from arrest or attachment as the Limitation Fund now stands as the *res* securing any valid claims;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if

any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners and their underwriters, and/or against the Vessel, her owners, operators, officers and crew, or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid Casualty;

4. The Court in this proceeding will adjudge that Petitioners and their underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the Casualty, or for any claim whatsoever in any way arising from or in consequence of the aforesaid Casualty, or if Petitioners and their underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the Vessel and her pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the Casualty, and that Petitioners and their underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as they may duly prove and claim in accordance with the

provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; and

5. Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

/s/ *Raymond T. Waid*
Raymond T. Waid (Bar No. 31351)
Kathryn Z. Gonski (Bar No. 33442)
Jaclyn E. Hickman (Bar No. 36119)
Lance C. Bullock (Bar No. 38519)
Liam McCarthy (Bar No. 41859)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
rwaid@liskow.com
kgonski@liskow.com
jhickman@liskow.com
lbullock@liskow.com
lmccarthy@liskow.com

***Attorneys for Petitioners STK Line S.A. and Eagle Ship Management Co., Ltd.***

## VERIFICATION

1. I, Shinji Shinomiya, am the Director/Secretary of STK LINE S.A., the owner of the M/V TSUNOMINE BULKER and a Limitation Petitioner in the captioned and numbered proceeding, and am duly authorized to make this Verification on behalf of Petitioners;
2. I am authorized to make this declaration on behalf of Petitioners;
3. I have read the above and foregoing Verified Complaint and all the allegations of fact therein contained are true and correct, upon information, knowledge and belief;
4. The source of my knowledge and the grounds for my belief being information obtained from Petitioners' employees and representatives and investigation by me and my representatives; and
5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 21, 2026 in Japan.

S. Shinomiya

NAME : Shinji Shinomiya
TITLE : Director/Secretary
STK LINE S.A.